J-S45042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN R. SPRULL | : | |
| | : | |
| Appellant | : | No. 1424 EDA 2022 |

Appeal from the PCRA Order Entered April 21, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0002139-2010

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 02, 2023**

Stephen R. Sprull (Appellant) appeals *pro se* from the order dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On October 29, 2009, the Commonwealth charged Appellant with murder and related offenses involving the killing of Clinton Zimmerman, Jr. The record reflects that on July 15, 2011, Appellant appeared for a competency hearing.  The PCRA court explained, *inter alia*, that

> [Appellant had been] given a mini mental examination by a psychologist in the courthouse who determined his I.Q. score to be 64.  A full-scale I.Q. test was ordered by the court, however, [Appellant] refused to participate.  Furthermore, two doctors found the [Appellant] to be competent.

PCRA Court Opinion, 7/18/22, at 4; ***see also*** N.T., 7/15/11, at 2-4.  Appellant likewise testified he was competent to stand trial.  ***Id.*** at 16, 25, 30, 40-41.

The case proceeded to trial, and on August 25, 2011, a jury convicted Appellant of first-degree murder and related offenses. The trial court sentenced Appellant to mandatory life imprisonment. On May 29, 2013, this Court affirmed the judgment of sentence. ***Commonwealth v. Sprull***, 81 A.3d 1006 (Pa. Super. 2013) (unpublished memorandum). Appellant did not petition for allowance of appeal with the Pennsylvania Supreme Court.

On February 21, 2021, Appellant *pro se* filed the instant PCRA petition. The PCRA court appointed counsel. On December 27, 2021, counsel filed a motion to withdraw and ***Turner***/***Finley*** no-merit letter.[1] On March 18, 2022, the PCRA court issued notice of intent to dismiss the petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On April 21, 2022, the court dismissed the petition as untimely. Appellant filed this appeal.[2]

Appellant states his issue as follows:

> Whether [the] PCRA court['s] determination/ruling was free from legal error, where Appellant was able to show and prove that his PCRA petition was timely in compliance with 42 [Pa.C.S.A. §] 9545(b)(1)(ii)?

Appellant's Brief at 2 (unnumbered).

It is well-settled that we review an order denying PCRA relief "in the light most favorable to the prevailing party at the PCRA level."

---

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

*Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Further, Pennsylvania law makes clear that no court has jurisdiction to consider an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010). A petitioner must file a PCRA petition within one year of the date the petitioner's judgment of sentence became final, unless one of the three statutory exceptions (government interference, unknown facts, or a newly recognized constitutional right) applies. *See* 42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking an exception "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

"A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" *Monaco*, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)). Here, Appellant's petition is facially untimely; his judgment of sentence became final on June 27, 2014, and he filed the underlying petition nearly seven years late, on February 21, 2021. *See* Pa.R.Crim.P. 907 Notice, 3/18/22, at 2 (unnumbered).

Although Appellant asserts his petition falls within the exception for unknown facts and "after discovered evidence," the record does not support this claim. The PCRA court explained:

> [Appellant] does not meet the new fact exception. Initially, the [Appellant's] preliminary I.Q. of 64 is not a new fact. A pre-trial competency hearing was held on [July 15], 2011, where it was mentioned numerous times in the presence of [Appellant] and directly to [Appellant] that a mini I.Q. test [performed] by the court[-appointed] psychologist on the initial date of trial revealed an I.Q. of 64. It is worth noting that the court ordered a full I.Q. test [and Appellant] refused to participate. At the competency hearing, two doctors testified that [Appellant] was competent to stand trial and the court agreed. Nevertheless, [Appellant] knew this information as of 2011 and failed to file a PCRA until 2021.
>
> Even if one were to credit [Appellant's] claim that he was unaware of his I.Q. score until [a later] hearing on January 13, 2012, his claim still fails to meet the new fact exception since his judgment of sentence became final on [June] 27, 2014, and his PCRA was filed in 2021. Lastly[, Appellant] makes no claim that he was incompetent from 2014 to 2021, thereby preventing him from raising his claim in a timely fashion.

Pa.R.Crim.P. 907 Notice, 3/18/22, at 2-3 (unnumbered).

Incompetence **may** qualify as an exception to the PCRA time bar. **Commonwealth v. Cruz**, 852 A.2d 287, 293 (Pa. 2004). However, it does so only under limited circumstances, none of which are present in this case. **See Monaco**, 996 A.2d at 1080-81. Furthermore, in **Commonwealth v. Shaw**, 217 A.3d 265 (Pa. Super. 2019), this Court held that where a defendant's mental health problems were considered at trial and sentencing, they did not qualify as a "new fact" and could not defeat the PCRA's time bar. **See id.** at 272.

Accordingly, Appellant failed to plead and prove an exception to the PCRA time-bar. As his PCRA petition is untimely, we, like the PCRA court, lack jurisdiction and "the legal authority to address the substantive claims." **Commonwealth v. Lewis**, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Order affirmed.


*Judgment Entered.*

_Joseph D. Seletyn, Esq._
*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: _3/2/2023_

- 5 -